Good morning. May it please the Court, my name is David Schlesinger and I represent Petitioner Miguel Angel Torres-Jacinto. In our estimation, this is a straightforward case involving the BIA's abusing its discretion by failing to apply, as this Court originally adopted in Ordonez v. Ashcroft, a fairly permissive legal standard for adjudicating motions to reopen. Instead, the BIA reverted to its earlier legal standard adopted in matter of Coelho v. 1992, precedent opinion, which this Court, with two exceptions I'd say are applied in only very unusual circumstances, if at all, has never adopted. Are you asking us to send it back to the Board to apply Coelho or to apply Coelho here? We're asking, Your Honor, that the case be remanded to the BIA for Ordonez's standard of review to apply. And Ordonez, of course, as we noted in our brief, adopted matter of SV's and matter of LOG's standard for adjudicating motions to reopen. And that merely requires an alien to prove... Reasonable likelihood? That's correct, Your Honor. Reasonable likelihood that he, if the case were reopened, would be able to satisfy the statutory requirements for relief. This is a little more difficult here because this is the broader subject matter we have no jurisdiction over, correct? You are correct, Your Honor, that on the merits of the 212H waiver application, the Court would not have jurisdiction. However, as this Court has recognized repeatedly, and we cited Alvarez-Figueroa for this proposition, even when the Court does not have jurisdiction over the underlying merits of the case, it always has jurisdiction under AUSC Section 1252 to review legal issues. Here, the legal issue squarely presented is that the BIA applied an incorrect legal standard when adjudicating Mr. Torres's... Doesn't it make a difference in terms of the legal standard when the petitioners had a prior opportunity to argue for the same relief? The BIA would certainly think that, Your Honor. However, this Court has never adopted different standards depending on whether the petitioner had applied for the relief previously. And as we noted in our brief, even in Ordonez, the petitioner in that case who had sought suspension of deportation, a remedy which was then available no longer is, had originally sought that relief before the Immigration Court and then later moved to reopen before the BIA by attempting to proffer more evidence. So, our view, Your Honor, is that this Court has never, unlike the BIA, this Court has never adopted purportedly different standards depending on the circumstances of the motion to reopen. Now, as we noted in our brief and in our Rule 28J letter, there are two, I would say, fairly narrow exceptions that I'd like to address. The first is Shin v. Mukasey. And in that case, the Court noted that remaining for the purpose of allowing the petitioner to file a second motion to reopen would violate the Board's own rules because the Board only allows a petitioner and alien to file one motion to reopen. So, to the extent that Shin then discussed matter of Coelho's standard in reaching some kind of a merits analysis, first, that was arguably dictum. Second, that is distinguishable from this case because this case doesn't involve a second motion to reopen. It's clear that this is, Mr. Torres-Vecinto's one and only motion to reopen. The second case, which we cite in our Rule 28J letter, Lopez-Vasquez v. Holder, is a similar circumstance in which this Court actually, in reaching the merits of Mr. Lopez-Vasquez's motion to reopen, which he had actually not even raised squarely in his opening brief to this Court, so the Court noted, first, that it was waived. Second, that even if it were to address the merits, that he would likely not prevail. And then in discussing a concurrence by Judge Bright, this Court noted that even if the Court did have authority to remand for the purpose of allowing Mr. Lopez-Vasquez to file a second motion to reopen, he nevertheless would be barred by the limits on the number of motions to reopen that a petitioner or an alien can make before the Board. So the extent that the matter of Coelho was addressed in Lopez-Vasquez, we would submit that that's dictum as well. It's not a... The new information that he wishes to present is the fact that he's now moved closer to his daughter? That is among the new information that Mr. Torres-Aceno actually has proffered to the BIA, Your Honor. Was there anything else? He has also proffered throughout the proceedings information regarding the financial support that he gives to his daughter. But didn't the Board take those new facts into account in assuming that he'd met a threshold showing to reopen and then simply moving to the conclusion? Your point is the Board should have found that there was a threshold showing sufficient to reopen and then reached a different result. How does the Board's moving to the last question really prejudice you if it concedes that you've made a sufficient showing to reopen? Well, I don't think the Board, Your Honor, ever actually did concede that we had made a sufficient showing. Well, it assumed that for purposes of applying Coelho. Well, let me read... Before I reserve time for rebuttal, let me read from ER 39-AR4. The Board stated, quote, while the fact that the respondent now lives in the same area as Andis' daughter and is more actively involved in her life may increase the emotional impact on the daughter. Upon our de novo review, we would not find that his case presents extreme hardship to his qualifying relatives. I don't think in that language, Your Honor, the Board, the BIA in any way, assumed that he would have satisfied the matter of SV, matter of LOG, or DONA's standard for adjudicating motions to reopen. Instead, it applied a very stringent, what it called a de novo review, looking at how it would adjudicate the case if it were sitting essentially as the IJ. So in that regard, Your Honor, I think that the standard of review, not necessarily the standard of review, although we did make mention of de novo review, but the legal standard applicable to this motion to reopen actually does make a huge difference. Neither the BIA in adjudicating Mr. Torres-Escindo's case nor the government in its brief argued that the result would have been the same if the matter of SV, matter of LOG standard of review were applicable. Would you like to save the balance of your time? We would like to reserve the balance of our time for rebuttal. Thank you very much, Your Honor. Thank you. Good morning. Lindsay Murphy on behalf of the Attorney General. Your Honors, the Ninth Circuit does not require that the Board grant all motions to reopen where the movement has demonstrated a reasonable likelihood of success on the underlying claim. Here, Mr. Torres has had three separate opportunities before an IJ to litigate his application for a criminal inadmissibility waiver. Each time, he failed to meet his burden of proof in establishing the requisite hardship. Because Mr. Torres then sought to reopen again so he could pursue the waiver for a fourth time, the Board properly required him to show that his new evidence would likely change the outcome of his case. The Board did not abuse its discretion in denying his motion to reopen, and we ask that the Court deny the petition for review. Did the Board apply the proper legal standard? Yes, Your Honor. The Board did apply the proper legal standard here because the agency already considered, adjudicated Mr. Torres' application for an inadmissibility waiver. And as a result, he was subject to the higher standards set forth in the matter of COELO. Where an alien is seeking previously unavailable relief and has not had an opportunity to present his application before an IJ or the Board, the Board will consider whether the evidence presents a reasonable likelihood of success in the merits when considering a motion to reopen. But where an alien seeks reopening to submit additional evidence in support of a previously denied application for relief, the motion to reopen is subject to a much higher standard, and the petitioner must show that the new evidence would likely change the outcome of the case. The Board has held that in matter of COELO. It has recognized that in matter of LOG, and this Court has not held to the contrary. Let's see. What if we thought the standard was reasonable likelihood? Your Honors, even if you believe that the correct standard was reasonable likelihood, it really doesn't make a difference in this case because, as the Board stated, considering this one new piece of evidence, it would not change the outcome. It would not decide the waiver in favor of Mr. Torres. He really offered only one new piece of evidence after both the IJ and the Board pointed out that this was something that was missing in the hardship analysis below. And he comes and he, you know, offers this new piece of evidence saying that it changes his entire case. However, the agency has already looked at everything and has reasonably determined that with this one new added piece of evidence, nothing would really change. As a matter of administrative efficiency, there really is no reason to send this case back to the Board when the Board has already told us how it would rule. Well, let me explore that response that you just made for a moment. If we were to believe that it's a reasonable likelihood standard, then the BIA has applied the wrong standard of review, hasn't it, by engaging essentially in the de novo determination of how it would rule if the matter were to be remanded. And it's that application of the wrong standard of review that Petitioner is challenging here. Well, Your Honors, I would argue that in such a case it's really harmless error because we do know how the Board would rule. And so even if he did meet the reasonable likelihood standard and this case were sent back, it really wouldn't make any sense. It would be futile because the Board has already told us that it really wouldn't change the overall outcome of the case. All right. Anything else that you wish to add? No. If the Court has nothing further, we just request that the Court deny the petition for review. All right. Thank you. Thank you. I'll make a couple of brief points responding to Ms. Murphy's arguments. For the first time today, she raises the specter of harmless error review. As I noted earlier, however, neither the BIA nor the government's own brief mentioned that the result would have been the same if the matter of SV, matter of LOG, or DONA's standard were applied to this case. So we would submit, Your Honors, that under INSB Ventura and Gonzalez v. Thomas, this case would have to be remanded to the BIA so that it, in the first instance, could decide whether it indeed would decide this case identically if the matter of SV, matter of LOG standard were applicable. Second, Ms. Murphy noted that this Court has never in any way knocked down or suggested that it would not apply a matter of COELO. I think we've addressed those arguments pretty comprehensively. It's pretty clear when you look at Ordonez and its progeny that this is a uniform rule that is being applied consistently by this Court in all motions to reopen, Shin and Lopez-Vasquez being notable exceptions that are either distinguishable or dictum. And just to reemphasize this point, we're not in any way asking for a merits adjudication at this point. We're asking simply that the case be remanded with clear directions for the BIA, as it should have, to apply its longstanding matter of SV and matter of LOG standard of review legal standard for applying for adjudicating motions to reopen. If there aren't any further questions, I'd be glad to submit. All right. Thank you very much, Counselor. Thank you very much. We appreciate your arguments. The matters will be submitted for a decision.
judges: Selna, Hawkins, Nguyen